IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARYL O. NORRIS,                                              OPINION and ORDER

    Petitioner,                                                                16-cv-212-bbc

  v.

SHERIFF DAVID MAHONEY,

    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Daryl Norris has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 14, 2016, I entered an order pursuant to Rule 4 of the Rules Governing Section 2254 cases, which requires the court to examine a prisoner's habeas petition and dismiss it if it "plainly appears" that petitioner is not entitled to relief. In this screening order, I dismissed three of the four claims set forth in the petition because they did not state a claim under the Constitution. Petitioner has filed a motion for reconsideration of the dismissal of these three grounds, which I am granting in part and denying in part. Specifically, I am ordering the state to respond to petitioner's claims that his parole officer fabricated the grounds for revoking his supervision in December 2012 and that his May 2013 revocation hearing violated due process, while denying petitioner's request that I reconsider the dismissal of his claim that the state allegedly breached his plea agreement.

1

OPINION

Petitioner's first argument is related to his claims that his parole agent fabricated the grounds for revoking his parole and that the subsequent revocation hearing held in May 2013 violated the due process clause. I dismissed these claims as moot because petitioner completed the period of confinement that followed this allegedly improper revocation, was released and then reconfined for another, separate violation of his supervised release rules. Petitioner now contends that his challenge to the May 2013 revocation proceedings was not rendered moot by the fact that he served out the period of reincarceration because the revocation resulted not only in his reincarceration, but also in the loss of good time credit he had accrued. Petitioner did not raise this issue related to his good time credits in his original petition.

If the loss of petitioner's good time credit affected the duration of his custody and this good time credit would not have been revoked anyway at a subsequent revocation hearing, then I agree that his claims related to the May 2013 proceedings are not moot. White v. Indiana Parole Board, 266 F.3d 759, 763 (7th Cir. 2001). Accordingly, I will order the state to respond to grounds (3) and (4) set forth in his petition: that petitioner's parole agent "fabricated" charges against him and that the May 2013 revocation hearing failed to provide him due process. The state should also address whether the reinstatement of petitioner's good time credit retroactive to May 2013 would affect the length of petitioner's sentence.

Petitioner also challenges the dismissal of his claim that the state breached the plea

agreement by requiring him to comply with sex offender rules. In the court's screening order, I dismissed this claim because petitioner did not allege that the plea agreement contained any language specifying that he would not be required to abide by the sex offender rules during the duration of his supervised release. Petitioner argues in his motion for reconsideration that I failed to consider that "after consulting with the presiding judge [and] making known his expectations of the plea agreement, Norris's parole supervision was transferred out of the sex offenders office." However, petitioner's subjective expectations as expressed to the judge presiding in his case and the fact that his supervision was transferred to a different office for some unspecified reason do not establish that the state failed to fulfill the terms of the plea agreement. The state's obligations under a plea agreement "are limited by what the parties in fact agreed to." United States v. Lezine, 166 F.3d 895, 901 (7th Cir. 1999). Accordingly, I will not reconsider the decision to dismiss this claim.

ORDER

IT IS ORDERED that petitioner Daryl O. Norris's motion for reconsideration, dkt. #8, is GRANTED IN PART and DENIED IN PART. Respondent must file an answer to grounds for release (1), (3) and (4) set forth in the petition, dkt. #1, on or before September 23, 2016. This deadline supersedes the August 30, 2016 response deadline previously entered on August 5, 2016. Petitioner's motion for reconsideration is denied with respect

to his argument that the state breached petitioner's plea agreement by imposing sex offender rules.

Entered this 23rd day of August, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge