IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| DARYL O. NORRIS, | ORDER |
| Petitioner, | 16-cv-212-bbc |
| v. | |
| SHERIFF DAVID MAHONEY and THE ATTORNEY GENERAL OF THE STATE OF WISCONSIN, | |
| Respondent. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 5, 2016 petitioner Daryl O. Norris filed a petition for a writ of habeas corpus. I screened his petition on July 14, 2016 in accordance with Rule 4 of the Rules Governing Section 2254 cases and dismissed three of petitioner's four claims. Petitioner thereafter filed a notice of appeal in the Court of Appeals for the Seventh Circuit, which is currently pending. Norris v. Mahoney, No. 16-3161 (7th Cir. 2016). (I later granted petitioner's motion to reconsider the court's screening order with respect to two of the three claims I had dismissed. Dkt. #20.)

Currently before the court is respondents' motion to transfer custody of petitioner. Dkt. #21. Under Federal Rule of Appellate Procedure 23(a), when a prisoner's habeas petition is on appeal, "the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." Rule 23(a) further provides that the district court judge rendering the decision under appeal may authorize a

1

transfer "when, upon application, a custodian shows the need for a transfer[.]"

In support of their motion, respondents have submitted an inmate classification report prepared by petitioner's physician recommending that petitioner be transferred to a prison that is better suited to accommodate petitioner's ambulatory restrictions and his need for a wheelchair. I am authorizing this transfer because it is reasonably related to petitioner's health and well-being and is "for an administrative reason that is independent of the litigation." Ward v. United States Parole Commission, 804 F.2d 64, 66 (7th Cir. 1986) ("The statement accompanying the application for leave to transfer should demonstrate an administrative reason that is independent of the litigation.").

ORDER

IT IS ORDERED that

1. The motion to transfer physical custody of petitioner Daryl O. Norris, dkt. #21, filed by respondents David Mahoney and the Attorney General of the State of Wisconsin is GRANTED.

2. Respondents are authorized to transfer petitioner from Warden Tim Haines at the Prairie du Chien Institution to either Warden Paul S. Kemper at the Racine Correction Institution or Warden Don Strahota at the New Lisbon Correctional Institution.

3. Respondents are directed to inform the clerk of court as to where petitioner has been transferred, at which time the clerk of court should substitute the warden for that

facility as a successor party.

Entered this 30th day of August, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge