IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARYL O. NORRIS,

                 OPINION AND ORDER

      Petitioner,

                    16-cv-212-bbc

  v.

PAUL S. KEMPER,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Petitioner Daryl O. Norris, a recently-released state prisoner who was convicted of reckless endangerment in Dane County, Wisconsin, in 2010, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging both his classification by the Wisconsin Department of Corrections as a "sex offender" and the subsequent revocation of his supervised release for failure to abide by its terms and conditions. In a previous order, I dismissed petitioner's claim that it was inconsistent with the terms of his plea agreement to make compulsory sex offender treatment a condition of his supervised release. Dkt. #6. I then ordered the state to respond to petitioner's claims that (1) the department arbitrarily imposed a "sex offender" label in violation of his rights under the due process clause of the Fourteenth Amendment; (2) the reason for his revocation was a fabricated pretext for retaliation in violation of the First Amendment; and (3) his May 2013 revocation hearing violated his right to due process as required under the Fourteenth Amendment. Id.; dkt.

1

#20. Respondent Paul S. Kemper, the warden of the Racine Correctional Institution, filed a response to the petition, which has now been fully briefed and is ready for review.

After reviewing the filings, I find that all of petitioner's claims are procedurally defaulted because he did not exhaust his state court remedies before filing this petition. In particular, petitioner did not seek judicial review of the department's decision to place him in sex offender treatment as a condition of his supervised release. Then, although he did challenge his subsequent revocation in state court, he failed to pursue all of his appellate options before seeking relief in this court. As a result, and for the reasons stated in more detail below, his petition must be dismissed.

From the petition and the supporting documents submitted by both parties, I find the following facts.

FACTS

On April 23, 2010, petitioner Daryl O. Norris was convicted in the Circuit Court for Dane County of one count of second-degree recklessly endangering safety. (He also was charged with kidnapping and second-degree sexual assault, but the state dismissed those charges pursuant to a plea agreement and petitioner pleaded no-contest to the reckless endangerment charge.) The court withheld sentence and placed petitioner on two years' probation, but the Department of Corrections revoked his probation in 2011 and the court then sentenced him to a sentence of six years and six months' imprisonment. In September 2012, petitioner was released from prison to extended community supervision on the

condition that he participate in sex offender treatment. Petitioner objected to that requirement. On the advice of his parole officer, he challenged his sex offender classification and treatment requirement through the department's administrative review process. After that challenge failed, petitioner did not seek review of the department's decision in state court.

Although petitioner dropped his legal challenge, he declined to heed the terms and conditions of his release, and his parole officer recommended revocation. At a hearing on May 13, 2013, an administrative law judge revoked petitioner's supervised release after finding that the Department of Corrections had proven that petitioner had (1) failed to participate in required sex offender treatment; (2) failed to participate in other treatment or programming as an alternative to revocation; and (3) refused to comply with jail policies and staff orders. Petitioner appealed the administrative law judge's decision within the department. When that appeal failed, he filed a petition for certiorari review in the Circuit Court for Dane County, which denied the petition and affirmed the administrative decision in a written order dated April 14, 2014. Dkt. #24-3. Petitioner then appealed to the Wisconsin Court of Appeals on June 15, 2015, arguing that his sex offender treatment requirement was unconstitutional and a violation of his plea agreement, that the Department of Corrections had retaliated after he sought judicial review, and that the revocation process failed to comply with due process requirements. On January 20, 2016, while his appeal was still pending in the court of appeals, petitioner also filed a petition for a supervisory writ in the Wisconsin Supreme Court, under Wis. Stat. §§ 809.51 and 809.71, raising the same

3

arguments.

Petitioner filed his habeas petition in this court on April 5, 2016. The following day, the Wisconsin Supreme Court denied his petition for a supervisory writ without opinion or explanation. Dkt. #4-2. On July 12, 2016, the state court of appeals issued a summary disposition and short written opinion affirming the circuit court's decision. Dkt. #24-7. Petitioner did not file a petition for direct review of the court of appeals' decision in the state supreme court.

Since May 2013, petitioner has been reincarcerated (and subsequently released) at least three times for violating the sex offender supervised release rules. Paul S. Kemper was substituted by the government as respondent on September 13, 2016, dkt. #23, because he is the warden of the Racine Correctional Institution, where petitioner was then incarcerated. On March 27, 2017, petitioner filed a notice with the court changing his home mailing address from the Racine Correctional Institution to a residential address in Madison, Wisconsin. Dkt. #44. Neither party has said whether petitioner is currently on supervised release or whether he has served his entire sentence.

OPINION

As an initial matter, even if petitioner is currently on supervised release or has served his entire sentence, it appears that he may challenge his previous revocation by seeking a writ of habeas corpus, and his petition is not moot by reason of his no longer being held in state custody. A.M. v. Butler, 360 F.3d 787, 789-90 (7th Cir. 2004); Spencer v. Kemna, 523

U.S. 1, 7 (1998) ("Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."). See also cases cited in the earlier opinion in this case, dkt. #6, at 4 (holding that habeas petition is proper vehicle for challenging parole condition requiring psychological treatment, as well as civil commitment based on violation of terms of release). In any event, at least as a matter of theory or principle, respondent does not question petitioner's right to bring the kinds of challenges he is advancing in a habeas petition.

However, before I can address the merits and grant any relief under § 2254, petitioner must exhaust all remedies available to him in state court. This means that he must fairly present his claims through a complete round of state-court review. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v, Boerckel, 526 U.S. 838, 848 (1999); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir. 1995). In Wisconsin, supervision decisions by the Department of Corrections are challenged and reviewed through the department's administrative procedures, and then by a state trial court by means of a writ of certiorari, followed by the Wisconsin Court of Appeals and Wisconsin Supreme Court. E.g., Mittelstadt v. Wall, 14-cv-423-jdp, 2015 WL 5440661, at *2-3 (W.D. Wis. Sept. 14, 2015) (citing state law provisions); Sanders v. Paquin, 09-cv-472-bbc, 2009 WL 2450362, at *4 (W.D. Wis. Aug. 7, 2009) (to satisfy exhaustion requirement, § 2254 petitioner "must assert each of his claims in a petition for review to the Wisconsin Supreme Court") (citing Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003)). Petitioner must exhaust all of these state remedies as to each claim before I can consider the claim in a habeas petition. If he has

failed to do so for any given claim, and is unable to show both prejudice and good cause for the failure, then that claim is procedurally defaulted and must be dismissed. Smith v. Gaetz, 565 F.3d 346, 351-52 (7th Cir. 2009).

Petitioner brings due process and other claims challenging two decisions by the Wisconsin Department of Corrections. First, he contends that the department's initial requirement that he undergo sex offender treatment as a condition of his supervised release violated the due process clause. Second, he contends that the administrative law judge's subsequent decision to revoke his supervised release was retaliation for petitioner's previous challenges regarding his sex offender status, in violation of his First Amendment rights, and that the revocation process and hearing did not comply with due process requirements. I will address each contention in turn.

A. Claim Challenging Sex Offender Classification and Treatment Requirement

Petitioner challenged his sex offender classification and treatment requirement at the administrative level initially, but he did not seek certiorari review of the department's administrative decision in state court. Petitioner argues that this failure should be excused because he contends that both the Dane County jail and the Sturdevant Transitional Facility where he was housed in January 2013 provided him inadequate access to a law library and other legal resources. However, petitioner does not explain why he was unable to file anything at all in the circuit court within 45 days of receiving notice of the administrative decision (as state law requires) or why he never made any complaint or submitted any jail

6

or prison grievance about the alleged denial of his access to the courts. These failures cannot be explained merely by petitioner's limited access to legal materials in law libraries. Petitioner does not allege that anyone interfered with his work product, denied him necessary materials, prevented him from preparing or filing an appeal or otherwise kept him from availing himself of judicial review. Although there is no "exhaustive catalog of . . . objective impediments that satisfy the cause requirement" to excuse a procedural default, the court may recognize as good cause "interference by state officials that makes compliance with a procedural rule impracticable" if it is "something that cannot fairly be attributed to the petitioner." Johnson v. Foster, 786 F.3d 501, 505-06 (7th Cir. 2015) (internal citations and quotation marks omitted) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986)). In the absence of evidence or allegations of that nature, petitioner is left without any good cause to excuse his failure to exhaust his state court remedies.

Even if petitioner had not procedurally defaulted this claim, it would fail on the merits. In Grennier v. Frank, 05-cv-81-bbc, 2005 WL 2076432 (W.D. Wis. Aug. 25, 2005), aff'd, 453 F.3d 442 (7th Cir. 2006), I considered the following deprivations and actions by the Department of Corrections and concluded that *none* of them give rise to a liberty interest sufficient to trigger the protections of the due process clause: (1) classification of an inmate as a sex offender (even if his conviction was not for a sex offense); (2) forcing an inmate so classified to participate in sex offender treatment; and (3) preventing an inmate from securing release on parole because of failure to complete a required sex offender treatment

7

program. Id. at *2-4. Although petitioner relies on several older decisions in other jurisdictions to support his claim that he was entitled to due process protections before the department could classify him as a sex offender and require him to undergo treatment as a condition of his supervised release, I see no reason to reconsider my holding in Grennier. The same rationale and conclusion apply here. It was not improper for the Department of Corrections to impose sex-offender conditions on petitioner's supervised release without triggering due process requirements, particularly because petitioner was serving a six-and-a half-year sentence during which he was not entitled to *any* release at all. Moreover, the determination whether early release was appropriate is committed to the department's discretion by law. Id. at *3 (citing Seventh Circuit and Wisconsin state law).

Accordingly, this claim fails both procedurally and substantively, and it must be dismissed.

## B. Claims Challenging Revocation Decision

Although petitioner failed to challenge his sex offender classification and treatment requirement in state court, he did seek judicial review of the administrative law judge's decision to revoke his supervised release after an administrative appeal was unsuccessful. He filed a petition for certiorari review in the Circuit Court for Dane County, and then appealed that court's adverse ruling to the Wisconsin Court of Appeals. However, while that appeal was still pending and before a decision had been issued, petitioner sought a supervisory writ in the Wisconsin Supreme Court and filed a habeas petition in this court. Approximately

two months later, the court of appeals issued its summary decision, finding that

> [a]lthough the initial decision by the administrative law judge (ALJ) placed considerable emphasis on the seriousness of Norris's refusal to follow the sex offender rules, the division administrator's decision reviewing the ALJ placed less emphasis on that component. The administrator expressly stated that Norris was not being revoked in relation to sex offender treatment, but instead was being revoked for his refusal to participate in *any* programming, in violation of an alternative-to-revocation agreement that Norris had signed, and for disruptive conduct at the jail. Accordingly, we are satisfied that even if Norris is correct that he could not have been properly revoked for refusing to accept sex offender treatment, that would not be a basis for us to reverse the administrator's decision.

Dkt. #24-7, at 2. The court of appeals refused to address petitioner's assertion that the rationale was mere pretext and that the revocation decision was in fact retaliation for his exercising his First Amendment rights. In its view, this claim involved new arguments that petitioner had not raised in the circuit court and were not part of the record. Id. at 2-3. Finally, the court of appeals considered and rejected petitioner's arguments that his revocation hearing had not complied with due process requirements.

Petitioner did not appeal any portion of this decision by seeking direct review in the state supreme court and cannot rely on his earlier petition for a supervisory writ to show that he fairly presented those issues to the supreme court. Apart from the fact that petitioner sought supreme court review prematurely before there was any decision to appeal, a "petition for a writ of supervision is not a substitute for an appeal." State ex rel. Dressler v. Circuit Court for Racine County, 163 Wis.2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991). Indeed, a supervisory writ is an "extraordinary remedy" by which an appellate court may take original jurisdiction to prevent a lower court from violating or refusing to perform its plain

9

duty. Madison Metropolitan School District v. Circuit Court for Dane County, 2011 WI 72, 336 Wis.2d 95, 109-110, 125-26, 800 N.W.2d 442; Wis. Stat. §§ 809.51 and 809.71. Thus, the fact that petitioner raised some of the same general issues in his petition for a supervisory writ (which was denied without explanation, dkt. #4-2) does not mean that he has exhausted his state court remedies. To the contrary, petitioner could have sought direct review of the adverse decision by the court of appeals in the supreme court, but he did not. Accordingly, he did not properly exhaust his state court remedies. Mittelstadt, 2015 WL 5440661, at *2-3; Sanders, 2009 WL 2450362, at *4.

Petitioner next argues that his failure to exhaust state court remedies by filing a petition for review with the supreme court should be excused because there was either "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) and (ii). Petitioner's arguments are based largely on his beliefs that (1) the previous administrative and state court decisions denying him relief were mistaken and (2) his petition for a supervisory writ and accompanying "temporary injunction motion" were warranted and should have been granted by the Wisconsin Supreme Court. These arguments do not help petitioner. The fact that he disagrees with the state courts' previous decisions does not mean that he had no recourse to either state judicial process or other corrective procedure and, for that reason, should be excused from his failure to file a petition for direct review in the supreme court.

Petitioner makes one more argument that merits response. He cites Thompson v.

10

Reivitz, 559 F. Supp. 554 (E.D. Wis. 1983), aff'd, 746 F.3d 397, in which the district court held that state corrective process was rendered ineffective because dicta in a reversal decision by the Wisconsin Supreme Court earlier in the same case was likely to constrain lower courts in reviewing a habeas petitioner's second revocation hearing. Petitioner draws a comparison between his case and Thompson and argues that

> the Wisconsin Supreme Court has passed upon Norris' claims and adjudicated the merits of the fundamental constitutional violations in his supervisory writ and temporary injunction motion and "Denied All Relief." As a result, there is no reason to believe the Wisconsin courts are going to change their prior decisions in reference to the same case.

Pet.'s Reply Br., dkt. #43 at 17. However, for the reasons already discussed, petitioner takes a misguided view of the supreme court's denial of his petition for a supervisory writ. As the record demonstrates, the supreme court neither adjudicated the merits of his constitutional claims nor issued any substantive decision from which any lower court could take guidance. Dkt. #4-2.

By contrast, the court of appeals *did* adjudicate the merits of petitioner's constitutional claims, at least in part, although not in the way petitioner would have liked. Under Wisconsin law, his means of challenging that decision was through a petition for direct review in the supreme court. Because he failed to pursue that available method of challenge, he failed to exhaust his state court remedies. He has not shown good cause to excuse this failure under the standards of § 2254 or any of the cases interpreting it, so his claims are procedurally defaulted and must be dismissed. Smith, 565 F.3d at 351-52.

C. <u>Certificate of Appealability</u>

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That means that petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). Although Rule 11 allows the court to invite further briefing on this issue, it is not necessary to do so here because the question is not a close one. In this case, it is clear that petitioner cannot proceed under § 2254 because he did not exhaust his state court remedies and has not shown good cause for his failure to do so. Accordingly, no certificate will issue.

ORDER

IT IS ORDERED that petitioner Daryl O. Norris's petition for a writ of habeas corpus, dkt. #1, is DISMISSED. Petitioner is DENIED a certificate of appealability.

Entered this 28th day of August, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge