IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| DARYL O. NORRIS, | OPINION AND ORDER |
| Petitioner, | 16-cv-212-bbc |
| v. | |
| DENISE SYMDON,[1] | |
| Respondent. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on August 28, 2017, I dismissed the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Daryl Norris on the ground that all of his claims are procedurally defaulted because he did not exhaust his state court remedies before filing his petition. Dkt. #45. In his petition, petitioner claimed that (1) the Wisconsin Department of Corrections arbitrarily imposed a "sex offender" label in violation of his rights under the due process clause of the Fourteenth Amendment; (2) the reason for his revocation was a fabricated pretext for retaliation in violation of the First Amendment; and (3) his May 2013 revocation hearing violated his right to due process under the Fourteenth Amendment. In dismissing the petition, I found that petitioner failed to seek judicial review of the department's decision to classify him as a sex offender and failed to

---

[1] Because petitioner has been released to community supervision, Denise Symdon, Administrator of the Wisconsin Department of Corrections Division of Community Corrections, is the proper respondent in this matter. Rule 2(a) of the Rules Governing Section 2254 Cases. I have revised the caption to reflect this change.

1

pursue all of his appellate options in state court related to the revocation of his supervised release.

Now before the court are two motions filed by petitioner: (1) a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, dkt. #47, in which he argues that I misconstrued his retaliation claim and reached incorrect conclusions, and (2) a "motion to object and for expedited ruling," dkt. #48, in which he contends that the state waived its right to object to the motion for reconsideration by not addressing the issues of "retaliation and recrimination" in its original response to the petition. For the reasons discussed below, both motions lack merit and will be denied.

OPINION

Under Fed. R. Civ. P. 59(e), a party can move to alter or amend a judgment within 28 days of the entry of the judgment. To obtain relief, petitioner must present newly discovered evidence or point to evidence in the record that "clearly establishes a manifest error of law or fact." Walters v. Mayo Clinic Health System–Eau Claire Hospital, Inc., 91 F. Supp. 3d 1071, 1077 (W.D. Wis. 2015) (quoting Miller v. Safeco Insurance Co. of America, 683 F.3d 805, 813 (7th Cir. 2012)). The purpose of the rule is to allow a district court to correct its error and avoid an unnecessary appeal. Id. However, Rule 59(e) is a "relatively narrow basis for relief, and does not reach arguments that seek to relitigate old matters." Walters, 91 F. Supp. 3d. at 1077 (citation omitted). It also cannot be used to

make arguments or submit theories that could have and should have been raised before the district court issued its judgment. Id.

As an initial matter, petitioner has no foundation for his contention that respondent somehow waived her right to respond to the motion for reconsideration by not addressing the issues of retaliation or recrimination previously. Respondent discussed petitioner's retaliation claims at length in her response brief, e.g., dkt. 37 at 9-10, and even if she had not, that fact would not prevent her from responding to petitioner's new arguments regarding the alleged error in the decision with respect to procedural default. Accordingly, petitioner's "motion to object and for expedited ruling" is denied, and I will take up respondent's response to the motion for reconsideration.

Petitioner contends that it was an error to construe his retaliation claim as stating that the administrative law judge revoked petitioner's supervised release in retaliation for petitioner's previous challenges to his sex offender status, when in fact petitioner is arguing that Department of Corrections staff retaliated against him by delaying the delivery of his legal mail, revoking his supervised release for complaining about the rules and denying him access to his legal materials and a law library. Even assuming that this was an error, it does not change my decision that petitioner's failure to raise his challenges to his classification as a sex offender in a petition for certiorari in state court amounts to procedural default and prevents petitioner from seeking habeas relief in this court. As explained in the previous order, petitioner had 45 days, or until January 18, 2013, to seek review of the December 4, 2012 decision denying his administrative appeal of the department's decision to classify him

as a sex offender and require treatment as a condition of his supervised release and failed to do so. Dkt. #45 at 6-7.

Petitioner suggests that the retaliatory actions of the Department of Corrections prevented him from pursuing his state court remedies. However, as discussed in the previous order, petitioner's general allegations of inadequate access to a law library and other legal resources fail to explain why he was unable to file anything at all in the circuit court within 45 days of receiving notice of the administrative decision or why he never made any complaint or submitted any jail or prison grievance about the alleged denial of his access to the courts. Id. Although petitioner says in his motion for reconsideration that the department waited seven days to mail him the administrative decision, which he did not receive until December 13, 2013, and then waited over a month to deliver "legal material off the internet" that family members mailed to him on February 1, 2013, dkt. #47 at 4, neither action excuses petitioner's failure to challenge the administrative decision within the 45-day period. Petitioner received the administrative decision well before the original January 18, 2013 deadline, and could have sought an extension to account for his late receipt of the decision. Petitioner does not explain why the legal materials sent by his family were necessary for his state court appeal, but in any event, the department's alleged delay of their delivery would not have been the cause of harm to petitioner. According to the postmark, the materials from his family were not mailed until February 1, 2013, a few weeks after the filing deadline had passed.

In my previous order, I also found that petitioner procedurally defaulted his remaining claims related to the revocation of his supervised release because he did not present them in a petition for review in the Wisconsin Supreme Court. In his motion for reconsideration of that finding, petitioner raises the same arguments that he made in his petition about the absence of a state corrective process to protect his rights. However, as explained in the order dismissing his petition, petitioner's failure to file a petition for direct review in the Wisconsin Supreme Court is not excused by his arguments that the previous administrative and state court decisions denying him relief were mistaken and that the Wisconsin Supreme Court should have granted his petition for a supervisory writ and temporary injunction. Dkt. #45 at 10. I conclude, therefore, that petitioner cannot show that he is entitled to relief under Rule 59(e).

Finally, petitioner disagrees with certain statements about the potential merits of his claims. For example, he objects to the comment that being classified as a sex offender does not affect a protected liberty interest. However, because petitioner has not shown any error in the decision with respect to procedural default, it is unnecessary to consider the arguments that he makes about the possible merits of his claims. Accordingly, petitioner's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that petitioner Daryl Norris's motion for reconsideration, dkt. #47,

and motion to object and for expedited ruling, dkt. #48, are DENIED.

Entered this 4th day of January, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge