IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARYL O. NORRIS,                                                          ORDER

        Petitioner,                                          16-cv-212-bbc

    v.

DENISE SYMDON,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on August 28, 2017, I dismissed the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Daryl Norris on the ground that all of his claims are procedurally defaulted because he did not exhaust his state court remedies before filing his petition. Dkt. #45. On September 22, 2017, petitioner filed a motion for reconsideration of that order, dkt. #47, which I denied on January 4, 2018. Dkt. #51. Now before the court is petitioner's motion to vacate those orders on the ground that his case became "moot" when he received his discharge certificate releasing him from custody on November 12, 2017. Dkt. #52. Petitioner argues that he has a right to have the prior judgments set aside because they are not reviewable on appeal now that he is no longer incarcerated.

In support of his motion, petitioner cites several cases decided by the United States Supreme Court and the Court of Appeals for the Seventh Circuit, including <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998); <u>Lane v. Williams</u>, 455 U.S. 624 (1982); <u>United States v.</u>

1

Munsingwear, Inc., 340 U.S. 36, 39 (1950); Mitchell v. Wall, 808 F.3d 1174 (7th Cir. 2015); Eichwedel v. Curry, 700 F.3d 275 (7th Cir. 2012). Most of the cases cited by petitioner support the general rule that once a habeas petitioner is released from custody, his case becomes moot unless he can show that a writ of habeas corpus would still provide him some genuine benefit. Spencer, 523 U.S. at 7 ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist to if the suit is to be maintained."); Lane, 455 U.S. at 624-25 (petitioners' claims for habeas relief moot because parole terms that they had challenged had expired); Eichwedel, 700 F.3d at 278 (internal quotation omitted) ("In general a [habeas] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."). However, none of these cases hold that a court must vacate an order denying a habeas petition if the order was entered and the case was closed before the petitioner was released from prison. For example, even though the courts in Eichwedel and Spencer dismissed the petitioners' appeals as moot, neither court vacated the underlying district court orders denying the habeas petitions.

I entered the order and judgment denying petitioner's petition and dismissing his case in August 2017, well before he was discharged from custody in November 2017. The fact that petitioner filed a subsequent motion for reconsideration that was pending at the time of his release does not make the August order invalid. At most, petitioner's motion for reconsideration may have become moot in November 2017 while it was still pending, but

2

because that motion was unsuccessful, my subsequent ruling on it did not change the effect of the August order.

In Munsingwear, the Supreme Court discussed its practice of reversing or vacating the judgment of the lower court in civil cases that have become moot while on their way through the federal appellate system, but that practice has no apparent applicability to petitioner's case, which involves a constitutional challenge to a criminal conviction. Munsingwear, 340 U.S. at 39-40. Further, the Court noted that this practice was based on the broad supervisory power that it and other *appellate* courts have over the judgments of the lower federal courts. Id. at 40. See also 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review. . .").  Because this court is not an appellate court, neither the holding in Munsingwear nor the power granted by § 2106 applies in this case.

Finally, Mitchell is not related to petitioner's case at all because it involved a claim for injunctive relief under 42 U.S.C. § 1983, relating to plaintiff's allegations that her probation officers acted with deliberate indifference to her gender dysphoria. Mitchell, 808 F.3d at 1176 (finding plaintiff's case "became moot" on appeal because plaintiff returned to prison and was no longer subject to allegedly unconstitutional treatment). Accordingly, petitioner's motion to vacate will be denied.

ORDER

IT IS ORDERED that petitioner Daryl Norris's motion to vacate, dkt. #52, is

DENIED.

Entered this 27th day of February, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge